# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

ROBERT A. YOUNG, )
#326594, )
                                      )   CIVIL ACTION NO. 9:15-90-TMC-BM
          Petitioner, )
                                      )
v.                                    )   **REPORT AND RECOMMENDATION**
                                      )
JOSEPH MCFADDEN, )
                                      )
         Respondent. )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on January 5, 2015.[1]

The Respondent filed a return and motion for summary judgment on April 13, 2015. After receiving an extension of time to respond, Petitioner filed a response in opposition on June 9, 2015. This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in Spartanburg County in February 2007 for armed robbery [Indictment No. 07-42-998], assault and battery with intent to kill ("ABHAN") [Indictment No. 07-GS-42-996], and grand larceny [Indictment No. 07-GS-42-997]. (R.pp. 470-475). Petitioner was represented by William H. McPherson, Esquire, and after a jury trial on February 4-6, 2008, was

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



1

found guilty of armed robbery and ABHAN, but not guilty of grand larceny. (R.pp. 382-383).

Petitioner was sentenced to thirty (30) years on the armed robbery conviction and twenty (20) years, consecutive, on the ABHAN conviction. (R.pp. 385-386).

Petitioner filed a timely appeal. He was represented on appeal by Appellate Defender Elizabeth A. Franklin-Best, who raised the following issue:

> Did the State repeatedly introduce improper character evidence into [Petitioner's] trial by incessantly reiterating the fact that [Petitioner] possessed a t-shirt that stated "Snitches Get Stitches?" The contents of the t-shirt were not probative of any fact, and it [sic] the information was elicited solely to deny [Petitioner] his right to a fair trial. Did the State's actions deny [Petitioner] his rights to due process, and constitute reversible error?

See Petition, p. 3.

On June 28, 2010, the South Carolina Court of Appeals affirmed Petitioner's convictions, finding that Petitioner's appeal issue had not been preserved for appeal. (R.p. 467). The Remittitur was sent down on July 14, 2010. See Court Docket No. 14-6.

On October 18, 2010, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Young v. State of South Carolina, No. 2010-CP-42-5566; raising the following issues:

> **Ground One:** Was [Petitioner's] Trial Counsel ineffective, per not, at the pre-trial stage of Petitioner's trial, moving for a motion to suppress the arrest warrant on the grounds that:
>
> > 1) The Spartanburg Magistrate Judge rubber stamped the arrest warrant; and
> >
> > 2) The Spartanburg Investigator arrest warrant did not state probable cause when brought before said Magistrate Judge;
> >
> > 3) Said Warrant was deficient under the Fourth and Fourteenth Amendment.



2

> **Ground Two:** Did [Petitioner's] trial counsel, in raising, at the pre-trial stage, the consent of [Petitioner] to search his house rather than the arrest warrant lack of probable cause, and among other grounds stated in part (A) above constitute ineffective assistance of counsel via lack of preparation and/or failure to investigate the law into Petitioner facts in his case.
>
> **Ground Three:** Was [Petitioner's] Trial Counsel ineffective in the cross-examination of the victim, in virtue of the fact, it had the effect of making the victim's testimony more credible.
>
> **Ground Four:** Whether [Petitioner's] Trial Counsel was ineffective for failure to object to the State repeatedly introducing improper character evidence into [Petitioner's] trial by incessantly reiterating the fact that [Petitioner] possessed a t-shirt that stated "Snitches get Stitches".
>
> **Ground Five:** Was [Petitioner's] Trial Counsel ineffective for not objecting to the prosecutorial misconduct in regards to it referring to [Petitioner's] Post-Miranda Silence via a State Witness.
>
> **Ground Six:** Was [Petitioner's] Trial Counsel ineffective per not raising the defense of another person done it.
>
> **Ground Seven:** Was [Petitioner's] Trial Counsel ineffective per not raising the lesser included offense of car breaking.
>
> **Ground Eight:** Was [Petitioner's] Trial Counsel ineffective for failure to move for a motion for new trial on the grounds of inconsistent verdict.

See Court Docket No. 14-7, p. 8.

Petitioner was represented in his APCR by J. Kenneth Robertson, Esquire, and an evidentiary hearing was held on Petitioner's petition on December 5, 2011. (R.pp. 410-453). In an order filed on March 19, 2012 (dated March 16, 2012), the PCR judge dismissed Petitioner's APCR in its entirety. (R.pp. 455-464).

Petitioner then filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Lanelle Cantey Durant, Appellate Defender with the South Carolina Office on Indigent Defense, who raised the following issue on appeal:


Did the PCR court err in failing to find trial counsel ineffective for not objecting to the state's repeated reference to Petitioner's black T-shirt with the slogan "snitches get stitches" which was improper character evidence and prejudicial to Petitioner when the victim made no reference to the slogan?

See Court Docket No. 14-9, p. 3.

On December 12, 2014, the South Carolina Court of Appeals denied Petitioner's writ of certiorari. See Court Docket No. 14-11. The Remittitur was sent down on December 30, 2014. See Court Docket No. 14-12.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner initially raised the following issues:

**Ground One:** 6th Amendment Violation - Ineffective Assistance of Counsel.

**Supporting Facts:** (1) Trial counsel was ineffective for not objecting to the State's repeated reference to Petitioner's black t-shirt with the slogan "snitches get stitches" which was improper character evidence and prejudicial to Petitioner when the victim made no reference to the slogan; (2) Trial counsel was ineffective in failing to effectively cross-examine the victim which resulted in the state's being allowed to have the victim read his statement into evidence; (3) Trial counsel was ineffective for not objecting to the state being allowed to recall Officer Bohon; (4) Trial counsel was ineffective for waiving any investigation into a witness's possible criminal record; and (5) Trial counsel was ineffective for his improper cross-examination of Hugh Murphy because fingerprints are kept on file when a defendant has a past criminal record.

See Petition, p. 6 & Attachment.

However, in his response in opposition to summary judgment, Petitioner conceded that claims 3, 4 and 5 in Ground One were without merit and withdrew them. See Court Docket No. 21, pp. 6-7. Therefore, Petitioner is proceeding on claims 1 and 2 only.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no



4

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

I.[3]

In claim 1 of Ground One, Petitioner contends that his trial counsel was ineffective for failing to object to the State's repeated reference to Petitioner's black t-shirt with the slogan "snitches get stitches", which Petitioner argues was improper character evidence and prejudicial to Petitioner when the victim made no reference to the slogan. This issue was raised by Petitioner in his APCR, where he had the burden of proving his allegations. See Young v. State of South Carolina, No. 2010-CP-42-5566. See also Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR Court rejected this claim, following which the South Carolina Court of Appeals also denied Petitioner's appeal of his APCR on this issue. See Court Docket No. 14-11.

The PCR judge found[4] that: 1) Petitioner testified that counsel was ineffective for

---

[3]Petitioner initially contends that the circuit court in South Carolina lacked subject matter jurisdiction, because the United States Supreme Court had original jurisdiction over his case. This assertion is patently without merit.

[4]The PCR court also made additional findings on other issues which are not presented in Petitioner's federal habeas petition. As those findings are not pertinent to Petitioner's claims, they (continued...)

5

failing to object to improper comments made by the Solicitor regarding a t-shirt that Petitioner was wearing when he was arrested that had the statement "snitches get stitches" on it; 2) Petitioner argued that the State referenced that phrase six times during the trial; 3) counsel testified that he did not think of objecting when the State mentioned the t-shirt phrase; 4) counsel testified that the only discussion he had with the Petitioner regarding the t-shirt was with respect to the fact that there was conflicting testimony regarding whether or not Petitioner was wearing a black or white t-shirt; 5) that although it may have been deficient for counsel to fail to object to the term "snitches get stitches," Petitioner had failed to demonstrate any prejudice from counsel's failure to object; 6) the State did not argue the term in its closing argument and there was overwhelming hard evidence (the victim's blood on Petitioner's clothing, positive ID by victim, and phone records), which established Petitioner's guilt; 7) Petitioner was not prejudiced by any alleged deficient representation because there was overwhelming evidence of his guilt; 8) where there is overwhelming evidence of guilt, trial counsel's deficient representation will not be prejudicial; and 9) even though the Court of Appeals (on direct review) found that the issue was not preserved for appellate review, since trial counsel had not raised it, it was clearly a harmless error if it was error at all. (R.pp. 459-460).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).



---

[4](...continued)
have not been discussed.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. As noted by the Supreme Court, the

> AEDPA's standard is intentionally " ' "difficult to meet." ' " White v. Woodall, 572 U.S. ___, 134 S.Ct. 1697, 1702 (2014) (quoting Metrish v. Lancaster, 569 U.S. ___, 133 S.Ct. 1781, 1786 (2013)). We have explained that " 'clearly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." White, 572 U.S., at ___, 134 S.Ct., at 1702 (some internal



7

> quotation marks omitted). "And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." Id., at ___, 134 S.Ct., at 1702 (same). To satisfy this high bar, a habeas petitioner is required to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86 (2011).
>
> Adherence to these principles serves important interests of federalism and comity. AEDPA's requirements reflect a "presumption that state courts know and follow the law." Woodford v. Visciotti, 537 U.S. 19, 24(2002) (*per curiam*). When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, supra, at 102–103, 131 S.Ct. 770 (internal quotation marks omitted). This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be " ' "doubly deferential" ' " in order to afford "both the state court and the defense attorney the benefit of the doubt." Burt v. Titlow, 571 U.S. ___, 134 S.Ct. 10, 13 (2013) (quoting Cullen v. Pinholster, 563 U.S. 170, ___, 131 S.Ct. 1388, 1403 (2011)).

Woods v. Donald, 135 S.Ct. 1372, 1376 (2015). Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable



8

probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996). As discussed hereinbelow, infra, Petitioner has failed to meet his burden of showing that his counsel was ineffective under this standard. Smith v. State of N.C., 528 F.2d 807, 809 (1975)[Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

The record reflects that at trial, witnesses referenced that Petitioner was wearing a black t-shirt that had "Snitches get Stitches" on it. (R.pp. 202, 240-242, 324, 336). At the PCR hearing, Petitioner testified that he believed the State's reference to the slogan ("Snitches get Stitches") on a t-shirt that the police found at his house, without objection from his counsel, was prejudicial to his case. (R.pp. 417, 426-427). However, since Petitioner's witnesses stated Petitioner had on a white t-shirt on the night of the incident and the victim testified that Petitioner had on dark clothing, counsel testified that he was focused on the color of the t-shirt and not the reference to the slogan on the dark t-shirt. (R.pp 442-444). Further, as previously discussed, the PCR judge found that even if trial counsel should have objected to the slogan reference, Petitioner had not shown prejudice, and the undersigned agrees. Overwhelming evidence of Petitioner's guilt was introduced at trial, including the victim's identification of the Petitioner, phone records, and the victim's blood on the Petitioner's clothing. (R.pp. 113-118, 273-283, 287-295). Petitioner has failed to show that if his counsel had objected to the witnesses' reference to the slogan, that would have resulted in a different outcome in his case. Koch v. Puckett, 907 F.2d 524, 528 (5th Cir. 1990)[Noting that "[i]n light of [the overwhelming] evidence [of guilt] presented at trial, the asserted errors complained of by [defendant], even if they amounted to ineffective assistance, are not such as to undermine our confidence in this jury verdict."]



9

Therefore, Petitioner has failed to meet his burden to show that the findings and rulings of the state courts were unreasonable, or that his counsel was ineffective. Evans, 220 F.3d at 312; Williams v. Taylor, supra; Strickland v. Washington, supra.; Greene v. Fisher, 132 S.Ct. 38, 43 (2011)[observing that AEDPA's "standard of 'contrary to, or involv[ing] an unreasonable application of, clearly established Federal law' is difficult to meet, because [its purpose] is to ensure that federal habeas relief functions as a 'guard against extreme malfunctions in the state criminal justice systems', and not as a means of error correction"]. This claim should be dismissed.

## II.

In issue 2 of Ground One of his Petition, Petitioner contends that his counsel was ineffective in failing to effectively cross-examine the victim, which resulted in the victim reading a portion of his statement into evidence.

Since Petitioner did not raise this issue in his PCR appeal, this claim was not properly raised and pursued in his PCR and state court proceedings. As such, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue this issue, it is fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117


S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though otherwise exhausted, because this issue was not pursued by the Petitioner in the state courts through the final level of review, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

### Cause and Prejudice

While Petitioner acknowledges Respondent's argument that this issue is procedurally barred, he contends that his PCR counsel was ineffective for failing to raise and preserve the issue. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default."



11

Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)["[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"]; Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc).

However, while Petitioner is correct that ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996); and ineffective assistance of *PCR counsel* (as opposed to trial or direct appeal counsel) does not amount to an independent constitutional violation, and therefore would not ordinarily constitute "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d 887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

However, in Martinez the Supreme Court did carve out a "narrow exception" that modified

12

"the unqualified statement in Coleman that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." Martinez, 566 U.S. at ___, 132 S.Ct. at 1315. [F]or three reasons. First, the "right to the effective assistance of counsel at trial is a bedrock principle in our justice system . . . . Indeed, the right to counsel is the foundation for our adversary system." Id. at ___, 132 S.Ct. at 1317.

Second, ineffective assistance of counsel on *direct appellate review* could amount to "cause", excusing a defendant's failure to raise (and thus procedurally defaulting) a constitutional claim. Id. at ___, 132 S.Ct. at 1316, 1317. But States often have good reasons for initially reviewing claims of ineffective assistance of trial counsel during state collateral proceedings rather than on direct appellate review. Id. at ___, 132 S.Ct. at 1317-1318. That is because review of such a claim normally requires a different attorney, because it often "depend[s] on evidence outside the trial record," and because efforts to expand the record on direct appeal may run afoul of "[a]bbreviated deadlines," depriving the new attorney of "adequate time . . . to investigate the ineffective-assistance claim." Id. at ___, 132 S.Ct. at 1318.

Third, where the State consequently channels initial review of this constitutional claim to collateral proceedings, a lawyer's failure to raise an ineffective assistance of counsel claim during initial-review collateral proceedings, could (were Coleman read broadly) deprive a defendant of any review of that claim at all. Martinez, supr a at ___, 132 S.Ct. at 1316.

We consequently read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." Martinez, supra at ___, 132 S.Ct. at 1318-1319, 1320-1321.

Trevino v. Thaler, 133 S.Ct. 1911, 1917-1918 (2013); see also Gray v. Pearson, 526 Fed. Appx. 331, 333 (4th Cir. June 7, 2013)["The Supreme Court had previously held in Coleman that because a habeas petitioner has no constitutional right to counsel in state post-conviction proceedings, the ineffectiveness of post-conviction counsel *cannot* establish 'cause' to excuse a procedural default. Coleman, 501 U.S. at 757. The Court established an exception to that rule in Martinez."] Therefore,



13

because, under South Carolina law, a claim of ineffective assistance of trial counsel is raised in an APCR; cf. State v. Felder, 351 S.E.2d 852 (S.C. 1986); Bryant v. Reynolds, No. 12-1731, 2013 WL 4511242, at * 19 (D.S.C. Aug. 23, 2013); Gray, 526 Fed. Appx. at 333, fn *; Petitioner's claim of ineffective assistance of PCR counsel as "cause" for his default has been considered hereinbelow under the revised standard of Martinez and Trevino.

Under the first requirement of the Martinez exception, the Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." Gray, 526 Fed. Appx. at 333. Therefore, Petitioner must show that there is a reasonable probability that he would have received relief on his claim of ineffective assistance of trial counsel in his APCR if it had been raised. Secondly, Petitioner must then show that his PCR counsel's representation was objectively unreasonable during his post-conviction proceeding for not raising this claim. Ford v. McCall, No. 12-2266, 2013 WL 4434389 at *11 (D.S.C. Aug. 14, 2013)(citing Horonzy v. Smith, No. 11-234, 2013 WL 3776372 at * 6 (D.Idaho Sept. 12, 2012)["The application of the Strickland test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one."]. For the reasons set forth hereinbelow, Petitioner has failed to show entitlement to relief under this standard with respect to the conduct of PCR counsel.

As noted in Section I, supra, where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the



14

adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. 694. Petitioner must show both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269. As discussed hereinbelow, Petitioner has failed to meet his burden of showing that his trial counsel was ineffective under this standard. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Therefore, Petitioner has failed to show any substantial claim in order to overcome his procedural bar; Gray, 526 Fed. Appx. at 333; and as a result of this finding, any claim of ineffectiveness of PCR counsel also fails. Trevino, 133 S.Ct. at 1917-1918.

    Petitioner contends that his counsel was ineffective in his cross-examination of the victim, which resulted in the victim's statement being read into evidence. The record reflects that the victim testified at trial that he had received two phone calls from the Petitioner on the night of the crime. (R.p. 140). However, in trial counsel's testimony submitted to the PCR court[5], counsel testified that he missed the second reference to these phone calls in the victim's statement to the police and tried to impeach the victim on the issue of whether there were one or two phone calls. (R.p. 444). See (R.pp. 141-144). However, this was just a mistake on his part; (R.p. 444); and at trial on redirect examination, the victim was allowed to read from his statement to the police wherein he had told them about the two phone calls. (R.pp. 146-147).

---



[5]Trial counsel testified by way of deposition with respect to Petitioner's claims, which was submitted to the PCR court.

Even assuming that Petitioner's counsel was ineffective for making this mistake, Petitioner has not shown that the outcome of his trial would have been different if the jury not heard that portion of Petitioner's statement to the police. The victim had already testified that he received two phone calls from the Petitioner; (R.p. 140); and Petitioner has not shown how the remainder of any information from that portion of the statement read to the jury would have adversely affected the outcome of his trial. Furthermore, as previously discussed, overwhelming evidence of Petitioner's guilt was presented in this case. See discussion, supra; see also (R.pp. 113-118, 273-283, 287-295). Accordingly, even if his counsel would not have made this mistake, Petitioner has not shown that it would have resulted in a different outcome in this case. Koch v. Puckett, 907 F.2d at 528.

Since Petitioner has failed to demonstrate that this claim is a "substantial one", he has also failed to show that his PCR counsel was ineffective for failing to raise it in his APCR. Gray, 526 Fed. Appx. at 333; Ford, 2013 WL 4434389, at * 11. Therefore, he has failed to show cause for his default of this claim, and it should be dismissed. Trevino, 133 S.Ct. at 1917-1918; see also Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.]; Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

**Fundamental Miscarriage of Justice**

Finally, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); cf. Prieto v. Zook, 791 F.3d 465, 472-473 (4th Cir. 2015) [Even in a habeas case where the petitioner is challenging his death sentence, the Fourth Circuit has emphasized the



16

fundamental miscarriage of justice exception imposes a demanding burden and provides relief only in extraordinary circumstances]; Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

A fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent". Rodriguez, 906 F.2d at 1159 (citing Murray v. Carrier, 477 U.S. at 496). Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges on which he was found guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim).

Therefore, issue 2 in Ground One in this habeas petition is procedurally barred from consideration by this Court.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary



17

judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 21, 2015
Charleston, South Carolina

18

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

