IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert A. Young, #326594, | ) | |
| | ) | C/A No. 9:15-90-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Robert A. Young, a state inmate proceeding pro se, filed this petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 13) be granted and that the habeas petition be denied. (ECF No. 27). Petitioner timely filed objections. (ECF No. 35).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Report sets forth the factual background and history of this case is detail, and the

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

court will only briefly address that here. Petitioner was convicted of armed robbery, assault and battery of a high and aggravated nature, and sentenced to thirty and twenty years imprisonment to run consecutively. He filed a direct appeal raising one issue on appeal - whether the trial court erred in allowing the prosecution to refer to a t-shirt possessed by Petitioner which had "Snitches Get Stitches" printed on it six times during the trial. The South Carolina Court of Appeals affirmed finding the issue had not been preserved below. Petitioner subsequently filed a post-conviction relief ("PCR") action raising several issues including that his trial counsel was ineffective for objecting to the solicitor's references to the t-shirt. The PCR court dismissed Petitioner's application and the South Carolina Court of Appeals denied Petitioner's petition for a writ of certiorari to review the denial of PCR.

Petitioner then filed this action for habeas relief raising five grounds. He subsequently conceded that three of the claims were without merit and proceeded on only the two remaining grounds: 1) whether trial counsel was ineffective for failing to object to the solicitor's references to the t-shirt; and 2) whether trial counsel was ineffective in his cross- examination of the victim which resulted in the victim's statement being read into the record. The magistrate judge found that the first claim was without merit and the second claim was procedurally barred.

In his objections, as to the first claim, Petitioner contends that the magistrate judge erred in finding that trial counsel was not ineffective in failing to object to the references to the t-shirt. Petitioner argues that the t-shirt was a "central part" of the prosecution's case and he would have been acquitted had trial counsel objected. The court disagrees. The magistrate conducted an analysis pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). As the magistrate judge stated in the Report, even if counsel should have objected, Petitioner has failed to show prejudice

as there was overwhelming evidence of Petitioner's guilt including the victim's identification of Petitioner, phone records linking Petitioner to the crime, and the victim's blood on Petitioner's clothing. (Report at 9).

As to the second claim, the magistrate judge found it was procedurally barred. In making this determination, the magistrate judge addressed Petitioner's argument that ineffective assistance of his PCR counsel excused his procedural default pursuant to *Martinez v. Ryan*, 565 U.S. ___ (2012). (Report at 11-15). The magistrate judge conducted an in-depth analysis and ultimately concluded that petitioner could not satisfy the *Martinez* limited exception to excuse the procedural default. (*Id*. at 16). Specifically, the magistrate judge found that this claim was not a substantial claim of ineffective assistance of plea counsel because there was not a reasonable probability that Petitioner would have received relief on his claim had it not been defaulted. *Id*. In his second objection, Petitioner argues the magistrate erred and argues that trial counsel was deficient for failing to object to the admission of the victim's statement and, without further elaboration, he contends it was prejudicial. However, as the magistrate judge concluded, Petitioner has failed to show prejudice entitling him to relief based on the overwhelming evidence of guilt referred to above and in light of the victim's own trial testimony which reiterated his statement.

The PCR court's determinations were not contrary to, nor did they involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254 (d); *see also Williams v. Taylor*, 529 U.S. 362, 413 (2000). Furthermore, the PCR court's determinations did not result in a decision that was based on an unreasonable determination of the facts in light of the record. *Id.*

3

Based on the foregoing, and after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Accordingly, Respondent's Summary Judgment Motion (ECF No. 13) is **GRANTED**; and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 19, 2016